ROBERT SHINE vs. CAMPANELLA & CARDI CONSTRUCTION
COMPANY & another.

Norfolk.    February 6, 1961. — March 1, 1961.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Practice, Civil,* Auditor: striking matter from report, report of evidence;
Judicial discretion. *Law of the Case.*

The provision of G. L. (Ter. Ed.) c. 221, § 56, that the court "at the
trial" of an action at which the report of an auditor is admitted "shall
exclude any finding of fact which appears in the report to be based
upon an erroneous opinion of law, or upon inadmissible evidence," did
not preclude a judge before trial from acting upon a motion to strike
portions of an auditor's report, and was not applicable to him in so
acting. [151]

Unauthorized recitals of evidence in the report of an auditor to whom an
action was referred under Rule 86 of the Superior Court (1954) were
properly ordered struck from the report on motion before trial.   [151]

An order of a judge before trial of an action striking portions of an audi-
tor's report did not deprive the trial judge of the discretionary power
to treat such order as the law of the case or to revise it as seemed proper.
[152-153]

TORT.   Writ in the District Court of East Norfolk dated
March 20, 1956.

Upon removal to the Superior Court the action was re-
ferred to an auditor.   The defendants excepted to the al-
lowance by *Forte, J.,* of a motion by the plaintiff before
trial to strike portions of the auditor's report.

*Robert W. Cornell,* for the defendants.

*Raymond F. Barrett,* for the plaintiff.

WILKINS, C.J.   The plaintiff, while operating his auto-
mobile, was hurt in a collision with a truck owned by the
corporate defendant and operated by the defendant Fortin.
This action of tort was referred to an auditor whose find-
ings of fact were not to be final.   He found for the defend-
ant.   A motion by the plaintiff to strike portions of the
report was allowed.   The case was later tried before an-

other judge sitting with jury, who returned verdicts for the plaintiff. The only exception is to the action on the motion to strike.

The defendants contend that the judge's action on the report did not comply with G. L. (Ter. Ed.) c. 221, § 56, which provides in part: "The auditor's findings of fact shall be prima facie evidence upon such matters only as are embraced in the order; but the court at the trial shall exclude any finding of fact which appears in the report to be based upon an erroneous opinion of law, or upon inadmissible evidence."

The quoted language first appeared in St. 1914, c. 576, § 2. The phrase beginning, "the court at the trial shall exclude any finding," is a provision as to what the trial judge is to do in the nature of a ruling on evidence. It is not to be taken to preclude a judge before trial from acting upon a motion to strike part of the auditor's report. Orderly procedure often would require that a determination of the extent to which an auditor's report may be received in evidence should be made before the day of trial and even before final preparation for trial and the summoning of witnesses. This sequence is a matter of common sense and would enable a seasonable recommittal in an appropriate case. No motion to recommit was made in the case at bar.

What we have said also disposes of the defendants' argument that the judge acted without authority where the parts struck out were not "based upon an erroneous opinion of law, or upon inadmissible evidence." Those words are not applicable to a judge passing upon a motion to strike before trial. The matters struck were largely recitals of evidence which the auditor was not authorized to make.[1] It was a proper exercise of judicial discretion to delete them. A heavy burden rests upon a party who contends that he has been harmed by the granting of a motion to strike out statements of evidence voluntarily introduced

---

[1] The rule was in the form prescribed in Rule 86 of the Superior Court (1954): "to hear the parties, examine their vouchers and evidence, state accounts, find the facts and report his findings to the court, together with such questions of law, arising in the course of his duty, as any party may request."

by an auditor into his report. *Davis* v. *Noone,* 341 Mass. 488, 490–491, and cases cited.

An examination of the four parts of the report struck out shows that, in any event, the defendants were not harmed. The first two parts were narratives of some of the plaintiff's testimony on both direct and cross-examination. As to these, the defendants argue, ''The inconsistency and obvious endeavor to rationalize found in the plaintiff's testimony before the auditor may have been compelling and persuasive reasons for the auditor's conclusion.'' The third part was, ''The above is substantially a resume of all the credible testimony given before me.'' This ''credible'' testimony included that of the plaintiff which the defendants contend, and we agree, was inconsistent. On the face of the report, it could not all have been credible. In context, it was misleading. The fourth part was an introductory clause, namely ''Based upon the foregoing facts, and such inferences and conclusions as I am justified in drawing therefrom, having seen the witnesses and observed their demeanor and manner while giving testimony.'' This added nothing to the report, and its elimination subtracted nothing.

It is contended that ''the action of the first judge was in effect a ruling on the admissibility of evidence to be offered at a later trial before a different judge, without knowing what the evidence would be at the later trial.'' In a sense it was, but that does not mean that we must accept the further contention that the first judge deprived the second judge of inherent power to use discretion and that he improperly restricted the jury trial. The record does not show what occurred at that trial with reference to the auditor's report; whether, for example, the defendants asked for any additional ruling in that respect. The second judge could have relied upon the ruling of the first judge as the law of the case. See *Papetti* v. *Alicandro,* 317 Mass. 382, 385, 390; *Poland* v. *New Bedford, Woods Hole, Martha's Vineyard & Nantucket S.S. Authy., ante,* 75, 79–80, and cases cited. On the other hand, he would not have been

obliged to apply the rule of the law of the case. *Gleason* v. *Hardware Mut. Cas. Co.* 331 Mass. 703, 709–710. His was the power to act to the end that a just result be reached. *Falzone* v. *Burgoyne,* 317 Mass. 493, 498, and cases cited. In his discretion, he could have revised the earlier ruling in any way which seemed proper to him.

*Exceptions overruled.*