COMMONWEALTH vs. JOHN F. COLELLA.

Middlesex.   January 14, 1974. — December 12, 1974.

Present: HALE, C.J., ROSE, GOODMAN, GRANT, & ARMSTRONG, JJ.

*Search and Seizure.   Pleading, Criminal,* Bill of particulars. *Practice, Criminal,* Judicial discretion, Exculpatory evidence, Criminal records of witnesses, Discovery. *Evidence,* Cumulative. *Receiving Stolen Goods.*

On an appeal from a conviction of receiving stolen property this court declined to review the denial of a renewed motion to suppress evidence, where, on an interlocutory appeal by the Commonwealth, the Supreme Judicial Court had reversed the allowance of the original motion and where nothing of substance had been added to the record before that court.   [707-708]

Where an indictment charging that the defendant "did buy, receive or aid in the concealment of" stolen lobster pots, together with particulars furnished to the defendant, gave the defendant reasonable knowledge of the crime alleged, there was no abuse of discretion in refusing the defendant's request for particulars seeking, in effect, to require an election among the three acts charged.   [708]

There was no error in a criminal case in the denial of a motion by the defendant, based on mere speculation, that the Commonwealth furnish him with all evidence of an exculpatory nature.   [708]

There was no error in denying a criminal defendant's motion for production of criminal or probation records of witnesses, in the absence of any indication that the Commonwealth had such records in its possession.   [708-709]

In a criminal case, the trial judge did not abuse his discretion in denying a motion requesting generally "any and all statements, admissions, and/or confessions made by the defendant . . . whether or not . . . [in] writing."   [709]

There was no error in denying a criminal defendant's general motion to inspect evidence which did not indicate any particular desire by defense counsel to inspect the stolen lobster pots in question.   [709-710]

In a criminal case, after three natural resource officers testified that stolen lobster pots had been brought to a State park and viewed by them over some period of time, it was not reversible error to permit one officer to be asked whether the pots were "kept in the

custody and control of the Department of Natural Resources . . .." [710]

At a criminal trial there was no error in admitting hearsay evidence which was not objected to and was merely cumulative. [710-711]

Evidence that a defendant gave conflicting accounts of how he obtained lobster pots which were found on the premises where he lived and were claimed by other parties was sufficient to show that he possessed stolen property. [711]

INDICTMENT found and returned in the Superior Court on March 9, 1970.

Pre-trial motions were heard by *Sgarzi* and *Moynihan*, JJ. The case was tried before *Good*, J.

*David Berman* for the defendant.

*Bernard Manning*, Assistant Attorney General, for the Commonwealth.

GOODMAN, J. The defendant, indicted for receiving stolen property[1], appeals his conviction under G. L. c. 278, §§ 33A-33G. The Commonwealth had previously appealed (G. L. c. 278, § 28E) from an order by the Superior Court, after a pre-trial hearing, suppressing evidence seized by natural resource officers and consisting of the lobster pots allegedly stolen. The Supreme Judicial Court "on the facts shown on this record" reversed the order. *Commonwealth* v. *Colella*, 360 Mass. 144, 150-151 (1971). The opinion in that case sets out most of the pertinent evidence. We treat the defendant's assignments of error in the order argued in his brief.

1. Assignment 9. The defendant renewed his motion to suppress on the basis that he would "go into further facts which were not brought out [previously] . . .." See Rule 101B of the Superior Court, as amended effective June 1, 1971 ("[T]he court in its discretion may entertain such motions at any time or at the trial."). At the hearing on the renewed motion, the transcript of the original pre-trial hearing which had been before the Supreme Judicial

---

[1] The indictment charges that the defendant "did buy, receive or aid in the concealment of thirty-eight lobster pots, more or less . . .." See G. L. c. 266, § 60; G. L. c. 277, § 79 (form for "Receiving stolen property").

Court was introduced by the defendant, and a natural resource officer who had testified at that hearing also testified at the hearing on the renewed motion. However, our examination of the transcript indicates that nothing of substance was added to the record previously before the Supreme Judicial Court, and the defendant's brief does not suggest any difference in the present record. Rather it asks us to reëxamine the opinion of the Supreme Judicial Court. This request is more appropriately addressed to that court.

2. Assignment 1. It was not an abuse of discretion to refuse the defendant's request for particulars "stating whether he [the defendant] was being charged with receiving, buying, or aiding in the concealment of the lobster pots." The defendant, in effect, thus sought to require an election among these three. The trial judge was not required thus to limit the Commonwealth where, as here, there was substantially no question that the indictment and the particulars gave the defendant "reasonable knowledge of the nature and grounds of the crime charged . . .." *Commonwealth* v. *Therrien,* 359 Mass. 500, 508 (1971). *Commonwealth* v. *Gallo, ante,* 636, 638-639 (1974). See *Commonwealth* v. *Valleca,* 358 Mass. 242, 244-245 (1970); G. L. c. 277, § 31.

3. Assignments 2, 4, 5, 7. These assignments attack the denial of various discovery motions. There was no error.

(a) The very general motion for exculpatory evidence is substantially the same as the motion for exculpatory evidence in *Commonwealth* v. *Preston,* 359 Mass. 368, 370-371, and fn. 1 (1971), and the reasons for the denial of that motion are substantially applicable to the motion in this case. See *Commonwealth* v. *Sullivan,* 354 Mass. 598, 613 (1968), cert. den. 393 U. S. 1056 (1969); *Commonwealth* v. *French,* 357 Mass. 356, 399, A-2 (1970).

(b) There is no indication that the Commonwealth had in its possession the criminal records or probation records of witnesses which the defendant's motion sought. "[T]his motion was not simply a mode of discovery of the contents of prosecution files but rather a request to

the prosecution to take affirmative action to get these records. . . . [I]t is not required that the prosecution take affirmative steps in behalf of the defendants to collect their criminal records." *Commonwealth* v. *Clark*, 363 Mass. 467, 474 (1973).

(c) There is nothing to indicate that the denial of the motion requesting generally "any and all statements, admissions, and/or confessions made by the defendant . . . whether or not . . . [in] writing" was an abuse of discretion. *Commonwealth* v. *Lamattina, ante,* 203, 209 (1974) (oral statements). See *Commonwealth* v. *Therrien,* 359 Mass. 500, 507 (1971) (oral statements). So far as appears, no request was made in the Superior Court at the hearing on the motion[2] specifically for any written statement made by the defendant; nor is there any mention of such a statement[3] in the defendant's brief. We have no reason to believe that the defendant's written statement would have been denied to him if specifically requested. "As a practical matter, most if not all Superior Court Justices will permit the defendant to examine or be given a copy of all statements of the defendant that have been reduced to writing." Smith, Criminal Practice and Procedure, § 613, p. 309 (1970). See, e.g., *Commonwealth* v. *Lamattina, supra* at 210 (1974). See also *Commonwealth* v. *Gallo, supra* at 639 (1974). The short answer to the argument that oral statements might be necessary in asserting rights provided in *Miranda* v. *Arizona,* 384 U. S. 436 (1966), is that the defendant did not seek to suppress evidence on the basis that he had not been given *Miranda* warnings.

(d) The defendant's motion to inspect evidence was also general, and there is nothing to indicate that, had the judge who heard the motion been made aware of any

---

[2] No transcript of a hearing on this motion or any of the other discovery motions has been furnished us.

[3] It appears that the only written statement made by the defendant was a waiver of rights by the defendant when he approached the Attorney General's office for an interview. The interview apparently did not result in a written statement.

particular desire by the defendant's counsel to inspect the lobster pots, he would not have followed the practice of "[p]ractically all Superior Court Judges [to] allow defense counsel reasonable latitude in examining the physical evidence before trial." Smith, Criminal Practice and Procedure, § 615, p. 310, fn. 15 (1970). See, e. g., *Commonwealth* v. *Murphy,* 356 Mass. 604, 609 (1970). Cf. *Commonwealth* v. *French,* 357 Mass. 356, 399, A-2 (1970). For aught that appears, this is being raised for the first time in the defendant's brief. See *Commonwealth* v. *Sullivan,* 354 Mass. 598, 613 (1968), cert. den. 393 U. S. 1056 (1969); *Commonwealth* v. *Morris,* 358 Mass. 219, 225 (1970).[4]

4. Assignments 12 and 14.[5] These assignments of error are without merit.

(a) A natural resource officer, Lawrence M. Nagle, testified that he put the pots on a truck and they were removed to Bradley Palmer State Park. He "sealed them up in the garage at Topsfield." Boyce, also a natural resource officer, testified that since the lobster pots had been secured in the garage he had seen them about once a week or once every two weeks. Natural resource officer Como also testified that he had observed them periodically. Under the circumstances, it is trifling to raise the contention that it was reversible error to permit the question to Officer Nagle whether the lobster pots were "kept in the custody and control of the Department of Natural Resources . . .."

(b) The defendant objects to testimony by Officer Como to what the defendant characterizes as a "conversation" between the officer and one Martinson, an

---

[4] The defendant's further argument in his brief that it was error to deny his motion to be furnished the grand jury minutes is not based on any assignment of error. In any event, it has no merit. See *Commonwealth* v. *Lamattina, supra* at 209-211 (1974).

[5] The defendant also argues (Assignment 10) that certain evidence was the fruit of the search for and seizure of the lobster pots, which the defendant contends was invalid. We have previously dealt with this contention.

owner of some of the stolen lobster pots. This was in answer to the question, "What took place between Mr. Martinson and yourself?" and contained a description of Martinson's acts as he identified his lobster pots. To the extent that there were intermingled in the answer spoken words which may be deemed a conversation with Martinson reported by Officer Como and objectionable as hearsay[6] as to the ownership of the pots, such words were subject to a motion to strike (*Commonwealth* v. *Powers*, 294 Mass. 59, 61 [1936]), which was not made. In any event, this testimony was merely cumulative. There was an abundance of testimony by Martinson and others, much of it without objection, as to Martinson's identification of the lobster pots.

5. Assignment 15. The defendant's contention that there was insufficient evidence of possession by the defendant of the stolen lobster pots is not borne out by the transcript. They were found on the premises owned by the defendant's parents where the defendant lived. When the defendant was confronted on the premises by claimants of the lobster pots which were lying there, there was testimony that he said that he had bought them, that "he owned them and his partners owned them," and that they had been there for some time.[7] See *Commonwealth* v. *Guerro*, 357 Mass. 741, 752-753 (1970); *Commonwealth* v. *Mott*, ante, 47, 53-54 (1974). See also *Commonwealth* v. *Frongillo*, 359 Mass. 132, 138 (1971).

*Judgment affirmed.*

---

[6] We assume arguendo the validity of the defendant's contention that, though the defendant was present, this testimony was not admissible as an adoptive admission because the defendant had been warned under *Miranda* v. *Arizona*, 384 U. S. 436 (1966), that he had a right to keep silent. See *Commonwealth* v. *Wallace*, 346 Mass. 9, 14 (1963). However, we need not decide, and do not in any way imply, that the spoken words in this answer were objectionable.

[7] When the natural resource officers took the lobster pots, the defendant accepted a receipt for them.