COMMONWEALTH *vs.* ANDRE HARDY. June 19, 1978. We find no reason to reverse the defendant's conviction for unlawful distribution of heroin (second offense) whether or not there had been error at a previous trial on the same indictment. That trial had ended in a mistrial because the jury could not agree. At that trial the judge had refused to compel the Commonwealth to divulge to the defendant the identity of an informant. Cf. *Commonwealth* v. *Ennis,* 1 Mass. App. Ct. 499 (1973). Cf. also *Commonwealth* v. *Johnson,* 365 Mass. 534, 544-546 (1974). However, at the second trial before a different judge, new defense counsel abandoned any request for the identity of the informant — which request the second judge was not precluded from considering by the ruling at the first trial. See *Commonwealth* v. *Colella,* 2 Mass. App. Ct. 706, 707 (1974), where after a proceeding under G. L. c. 278, § 28E, a motion to suppress was heard anew; *Commonwealth* v. *Daniels,* 366 Mass. 601, 608 (1975), in which the court ordered a new trial and indicated the appropriateness of a renewal of a motion to suppress. See also *DeMatteo Constr. Co.* v. *Board of Appeals of Hingham,* 3 Mass. App. Ct. 446, 457 (1975), and material cited. Rather, defense counsel moved to dismiss on the ground of prosecutorial misconduct at the first trial in connection with the status of the so called informant. However, the second judge found no such misconduct and denied the motion to dismiss. Compare *Commonwealth* v. *Doyle, ante* 880 (1978). The defendant's counsel on appeal (who was not trial counsel) argues that defense counsel at the second trial should have adopted the tactics of counsel at the first trial and requested the identity of the informant. It is clear that the change in tactics was a conscious choice. In his findings on the motion to dismiss, the second judge specifically pointed out: "This motion to dismiss is not a request by the

defendant to discover the identity of the informant . . . . A request for the production of the identity of the informant has not been made in this motion nor at any time in these proceedings." Indeed, during trial at one point in a vigorous cross-examination of the undercover police officer who had testified that she had bought the heroin, defense counsel asked, "What did he [another officer] say to you about this person [the informant]? *Without giving me his name. I am not interested in his name*" (emphasis supplied). We agree with the statement in the Commonwealth's brief that it is "incumbent on defense counsel in criminal cases to raise any issues at a second or subsequent trial which he feels may be helpful to his client's defense, regardless of their success at a prior trial, if he hopes to preserve an issue for appellate review." We do not attempt to determine whether the abandoned tactics of counsel at the first trial might possibly have been more productive. In the present posture of the case we look only to see if there has been a likelihood of a miscarriage of justice. We find none. See *Commonwealth* v. *Swenson*, 368 Mass. 268, 275-278 (1975). Contrast *Commonwealth* v. *Harris*, 371 Mass. 462, 471-472 (1976).

*Judgment affirmed.*

*Thomas Hoffman* for the defendant.

*Peter D. Feeherry*, Assistant District Attorney *(John A. Mendlesohn*, Special Assistant District Attorney, with him) for the Commonwealth.