**Andre HARDY, Petitioner–Appellant,**

v.

**William CALLAHAN,
Respondent–Appellee.**

**No. 80–1070.**

United States Court of Appeals,
First Circuit.

Argued Sept. 4, 1980.
Decided Nov. 12, 1980.

Willie J. Davis, Boston, Mass., for petitioner–appellant.

Marilyn L. Hotch, Asst. Atty. Gen., Boston, Mass., with whom Francis X. Bellotti, Atty. Gen., and Barbara A. H. Smith, Asst. Atty. Gen., Chief, Crim. Appellate Div., Boston, Mass., were on brief, for respondent–appellee.

Before COFFIN, Chief Judge, BOWNES, Circuit Judge, WYZANSKI,* Senior District Judge.

* Of the District of Massachusetts, sitting by designation.

BOWNES, Circuit Judge.

The issue on this appeal is whether the district court erred in dismissing appellant Andre Hardy's petition for habeas corpus review of his state court conviction. For the reasons stated below, we affirm.

Andre Hardy was indicted and tried in the state courts of the Commonwealth of Massachusetts for distributing heroin. His first trial ended in a mistrial due to a hung jury. Hardy was convicted on retrial. He was also found guilty of being a second offender in a jury–waived trial.

At the first trial, Hardy filed a motion requesting the court to order the Commonwealth to disclose the identity of an informant involved in the drug sale. The court denied the motion, and new defense counsel did not renew it at the second trial before a different judge. In fact, Hardy filed a pretrial motion at the second proceeding to dismiss the case because of prosecutorial misconduct, charging that the person claimed by the Commonwealth to be an informant was not one, that the government knew that there was no informant, but used that characterization to avoid disclosing his identity to the defense. In essence, Hardy contended that the Commonwealth manipulated evidence favorable to his defense so that an eyewitness to the sale would be unable to testify. After a voir dire hearing, the court denied the motion to dismiss, finding in part that "the informant is an informant."

On appeal to the Massachusetts Appeals Court, appellant Hardy argued that the court in his first trial had erred in not ordering the disclosure of the informant's identity, and that such error was grounds for the reversal of his conviction. The appeals court, however, denied relief, stating that to preserve the issue on appeal, Hardy should have filed a motion at the second trial seeking disclosure of the informant's identity, and objected to any adverse ruling of the court. *See Commonwealth v. Hardy,* —— Mass.App. ——, ——, 1978 Mass.App.Ct. Adv.Sh. 702, 703, 377 N.E.2d 431, 432–33 (1978).[1] In addition, the court found there

1. The failure of counsel on both sides to comply with 1st Cir.R. 11(h) needlessly added to

was no "likelihood of a miscarriage of justice." *Commonwealth v. Hardy, supra,* —— Mass.App. at ——, Mass.App.Ct.Adv.Sh. at 703, 377 N.E.2d at 433. Further appellate review was denied, *Commonwealth v. Hardy,* 1978 Mass.App.Ct.Adv.Sh. 2285, and Hardy filed a petition for a writ of habeas corpus in the United States District Court for the District of Massachusetts.

The district court denied the petition, finding that defense counsel had made a deliberate and express choice to abandon the option of pressing for disclosure of the informant's identity, and that he had not met his burden, as required by *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), of complying with Massachusetts procedural requirements. Appeal to this court followed.

Hardy argues on appeal that federal habeas corpus review of his state court conviction is properly before the court. The state appellate courts, he contends, erred in ruling that he failed to comply with state procedural rules and, therefore, waived the claim that he now seeks to have reviewed. His substantive claim is that under *Roviaro v. United States,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), non–disclosure of the informant's identity deprived him of his constitutional rights to due process and a fair trial.

In assessing the question of habeas corpus review, we are guided by *Wainwright v. Sykes, supra.* "Under *Sykes,* a procedural default precludes habeas corpus review unless the petitioner can demonstrate both 'prejudice' resulting from the trial court's ruling and 'cause' for his failure to comply with state procedures." *Grace v. Butterworth,* 635 F.2d 1 at 5 (1st Cir. 1980). The Supreme Court did not give substance to the content of the prejudice and cause exception, and this court "has yet to put a definitive gloss on the

meaning of 'cause.'" *Id.* But in the instant case, we are satisfied that the Massachusetts procedural rules were not unfairly or improperly applied, and conclude that Hardy showed neither sufficient cause for his failure to renew his motion for disclosure at the second trial, nor actual prejudice to his defense.

The sole "cause" claimed for not pressing for disclosure of the informant's identity is that counsel believed that the court's denial of the motion at the first trial foreclosed his raising the issue again at the second trial. That belief, however, has no legal basis. *See, e. g., Commonwealth v. Daniels,* 366 Mass. 601, 608, 321 N.E.2d 822, 828–29 (1975) (new trial ordered and appropriateness of renewal of motion to suppress indicated); *Commonwealth v. Collella,* 2 Mass. App. 706, 707, 319 N.E.2d 923, 924.–25 (1974) (motion to suppress heard anew). The "law of the case" in Massachusetts has long been consistent with the view that "any action of the court short of final judgment or decree remains within the control of the court and is open to revision until final judgment or decree," *DeMatteo Const. Co. v. Bd. of Appeals of Hingham,* 3 Mass.App. 446, 334 N.E.2d 51, 58 (1975), quoting from Lummus, *The 'Law of the Case' in Massachusetts,* 9 B.U.L.Rev. 225, 234 (1929), and that an earlier decision by a different judge in a case that has not been finally decided does not limit the power of the sitting court to rehear the same issue. *See, e. g., Salter v. Scott,* 363 Mass. 396, 398–402, 294 N.E.2d 219, 221–23 (1973); *Shine v. Campanella & Cardi Const. Co.,* 342 Mass. 150, 152–53, 172 N.E.2d 693, 694–95 (1961); *Peterson v. Hopson,* 306 Mass. 597, 601–05, 29 N.E.2d 140, 144–46 (1940).

Our reading of the record shows that defense counsel never asked the judge at the second trial to rehear the motion for disclosure of the informant's identity.[2] Nor

---

the burden of this court in addressing the issues in this case.

**2.** In his memorandum on the motion to dismiss, the trial judge stated that

[t]here was never a request in hearings before me for divulgence of the identity of the

informant. The motion, plain and simple, is a fishing expedition. The better approach which was not sought here, would be to argue for the identity of the informant, and if circumstances warranted its revelation, an *in camera* interview of the informant to provide

did he indicate, let alone state, that he believed he was procedurally foreclosed from renewing the motion for disclosure. In fact, when the court stated that it would read a case bearing on the informant disclosure issue, *Commonwealth v. Ennis*, 1 Mass. App. 499, 301 N.E.2d 589 (1973), defense counsel responded "I am not saying that this person is an informant." Commenting on the claim of the preceding defense counsel of the first trial that there was an informant, Hardy's attorney remarked:

I mean, you know, I have had many, many drug cases. You know, reading the grand jury minutes I could see where, you know, I could be pulled into the situation. *It was only after reading the transcript that it dawned on me that this person was not an informant* (emphasis added).

In an effort to understand Hardy's position, the court engaged in the following exchange with the defense counsel:

THE COURT: What you are saying is the police put a con on this informer and seduced, if we can use that word, defense counsel into believing he was an informant.

MR. GERSTEIN: Yes.

THE COURT: That's what you are saying, and what you are offering as proof of it is your reading of the transcript and your interpretation saying, "I can tell from reading this trial transcript this person is not an informant." That's what you are saying.

MR. GERSTEIN: Yes.

The record thus reveals that counsel deliberately decided not to press for disclosure of the identity of the informant, apparently because his position was based on the premise that there was no informant in the case and that the previous counsel had "fall[en] into . . . [a] trap." In view of this, we find no "cause" for the defense counsel's failure to renew the motion to compel disclosure of the informant's identity.

Moreover, we cannot understand how Hardy could have suffered actual "prejudice" since his defense counsel did not request the trial court at the second proceeding to compel disclosure, but, to the contrary, consistently maintained that there was no informant. In his post–conviction challenges, Hardy argues that the disclosure of the informant's identity is crucial to the defense of mistaken identity–that it was not he who sold the heroin or was present on the evening of the sale, but someone else. He suggests that a woman, Lorraine Malzard, may have distributed the heroin, and that only the informant could "corroborate either that he Hardy was not present that evening or that it was Lorraine Malzard, and not the appellant who sold the narcotics."[3] Yet, in the course of his extensive cross–examination of the one witness testifying to the heroin distribution. Hardy's trial counsel never sought to determine whether it was Ms. Malzard who distributed the heroin. The record shows that the defense that Lorraine Malzard may have distributed the heroin was not pressed at trial, even though Hardy's counsel could have questioned a testifying police officer about that claim. We cannot find "actual prejudice" on the basis of a defense that was never seriously raised at trial.

Since the "cause and prejudice" hurdle of *Sykes* has not been surmounted, we need not reach the *Roviaro* issue.

*Affirmed.*

some factual basis for the assertions of the arguments advanced here.

**3.** Even had Hardy offered that defense, ". . . mere speculation as to the usefulness of the informant's testimony to the defendant is insufficient to justify disclosure of his identity." *United States v. Estrella*, 557 F.2d 1151, 1153 (1st Cir. 1977).