DAVID WOLF & another[1] *vs.* PRUDENTIAL-BACHE SECURITIES,
INC.

No. 93-P-1285.

Middlesex. March 28, 1996. - October 10, 1996.

Present: PERRETTA, KASS, & JACOBS, JJ.

*Partnership,* Limited partnership, General partner, Fiduciary duty. *Fraud.*
*Contract,* Misrepresentation. *Fiduciary.*

A broker that issued a private placement memorandum soliciting limited
partnership investments in a joint venture to purchase and renovate a
New York City hotel had no duty, in disclosing the fiduciary obligations
of the general (managing) partner, to disclose to prospective investors
that fourteen years earlier the general partner had been convicted of
embezzlement and mail fraud, where the convictions were remote in
time and were not, in the circumstances, basic to the transaction, and
where any action based on the materiality of the nondisclosure was
time-barred. [476-478]

CIVIL ACTION commenced in the Superior Court Depart-
ment on December 3, 1992.

The case was heard by *George A. O'Toole, Jr.,* J., on a mo-
tion to dismiss.

*Thomas G. Shapiro* for the plaintiffs.

*Robert A. Buhlman* for the defendant.

PERRETTA, J. On or about October 12, 1981, the plaintiffs
each purchased a limited partnership unit in the Barbizon
New York Limited Partnership (partnership) pursuant to a
private placement memorandum issued by the defendant,
Prudential-Bache Securities, Inc. (Prudential-Bache).
Sometime thereafter, the units became worthless, but we are
not informed of when or why. In 1991, ten years after they
bought their units, the plaintiffs read an article in a magazine
(Business Week) in which it was mentioned that the general

---

[1]Marilyn Albert, executrix of the estate of Stephen Albert.

partner in the partnership had been convicted of embezzlement and mail fraud in 1967. They then brought this action for misrepresentation in the Superior Court, alleging that they would not have purchased the units had they known of the general partner's convictions and seeking damages in the amount of the purchase price of their units. The Superior Court judge dismissed the action pursuant to Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974), on the stated basis that Prudential-Bache had no common law duty to disclose the general partner's 1967 felony convictions to the plaintiffs.[2] We affirm the judgment.

1. *The complaint.* We accept the allegations set out in the amended complaint as true. See *Nader* v. *Citron*, 372 Mass. 96, 98 (1977). As described in the complaint, Prudential-Bache's private placement memorandum disclosed the general partner's educational background, the extent of his experience in real estate development and raw land brokerage and syndications, his businesses and his positions in those companies, his board memberships, and his membership in various professional associations. His assets and liabilities were listed, and his net worth set forth.

Information was also provided concerning a lawsuit against the general partner in which recovery "may be substantial." The memorandum related that settlement negotiations were in process and that, should they fail, there were, in the general partner's view, meritorious defenses. The memorandum

[2]Any cause of action the plaintiffs might have had under the Securities Exchange Act of 1934, § 10(b), as amended, 15 U.S.C. § 78j(b) (1994), and Securities and Exchange Commission Rule 10b-5, 17 C.F.R. § 240.10b-5 (1996), is time-barred. A Federal action had to be brought within one year after the discovery of the facts constituting the violation and within three years after such violation, and tolling principles do not apply to that three-year period. See *Lampf, Pleva, Lipkind, Prupis & Petigrow* v. *Gilbertson*, 501 U.S. 350, 363-364 (1991); *Cooperativa de Ahorro y Credito Aguada* v. *Kidder, Peabody & Co.*, 993 F.2d 269, 271-272 (1st Cir. 1993), cert. denied, 514 U.S. 1082 (1995). The Superior Court judge also concluded that the plaintiffs' cause of action was time-barred by the applicable statute of limitations, G. L. c. 260, § 2A. Although the plaintiffs expend great effort on appeal arguing whether the convictions were "inherently unknowable," they have cited no Massachusetts case, nor do we know of any, in which our so-called "discovery rule," see e.g., *Hendrickson* v. *Sears*, 365 Mass. 83, 90-91 (1974), has been applied to claims involving sales of securities. It is, however, unnecessary for us to consider whether the plaintiffs' action was time-barred.

also cautioned: "There can be no assurance that such litigation will be resolved in a manner favorable to [the general partner] or that the ultimate recoveries against him, if any, will not have an adverse impact on his financial capabilities to perform his obligations to the Partnership." The obligations of a general partner were described in a section of the memorandum designated "Fiduciary Responsibility" in which it was stated that a "General Partner is accountable to the Partnership as a fiduciary and consequently must exercise good faith and integrity in handling Partnership affairs." None of the information provided in the memorandum is alleged to be false or inaccurate.

2. *Discussion.* It is the plaintiffs' position that because Prudential-Bache described the fiduciary obligations of a general partner in a limited partnership setting, it had the duty to disclose that fourteen years earlier the general partner in question had been convicted of embezzlement and mail fraud, crimes that, as the plaintiffs note, go to the "heart of integrity and good faith."

"[N]ondisclosure does not amount to fraud and is not a conventional tort of any kind. The classic expression of this view is by Justice Qua in *Swinton* v. *Whitinsville Sav. Bank,* 311 Mass. 677 (1942). . . . See also *Kannavos* v. *Annino,* 356 Mass. 42, 48 (1969); *Nei* v. *Burley,* 388 Mass. 307, 310 (1983); *Solomon* v. *Birger,* 19 Mass. App. Ct. 634, 639 (1985); *Spencer Cos.* v. *Chase Manhattan Bank, N.A.,* 81 B.R. 194, 202 (Bankr. D. Mass. 1987). We note that the nondisclosure question is revisited in Restatement (Second) of Torts § 551 [1977]. The Restatement concludes that nondisclosure can be actionable only where there is a 'duty' to disclose, and a duty arises only in a number of discrete situations described in § 551." *Greenery Rehabilitation Group, Inc.* v. *Antaramian,* 36 Mass. App. Ct. 73, 77-78 (1994). As provided in § 551, those "discrete situations" which could be thought applicable in the present circumstances are:

"(2) One party to a business transaction is under a duty to exercise reasonable care to disclose to the other before the transaction is consummated,

. . .

"(b) matters known to him that he knows to be neces-

sary to prevent his partial or ambiguous statement of the facts from being misleading; and

. . .

"(e) facts basic to the transaction, if he knows that the other is about to enter into it under a mistake as to them, and that the other, because of the relationship between them, the customs of the trade or other objective circumstances, would reasonably expect a disclosure of those facts."

We see nothing in Prudential-Bache's generic description of a fiduciary's responsibilities which would give rise to a duty to disclose any and all information known to it that might bespeak flaws in the specific general partner's character. The convictions in question were remote in time to the offering, fourteen years, and might be thought not to preclude this individual forever from serving in a fiduciary capacity or otherwise make it impossible for him to meet his obligations to the limited partners.

Although the plaintiffs cite authority for the proposition that the general partner's convictions could be deemed material, as matter of fact, see, e.g., *Securities & Exchange Commn.* v. *Scott,* 565 F. Supp. 1513, 1527 (S.D.N.Y. 1983), there is no cause of action unless, as matter of law, a duty to disclose the material fact exists. The Restatement, however, concludes that there is a duty to disclose only facts that are basic to the transaction, rather than those that are simply material. As stated in comment j to § 551(2)(e): "A basic fact is a fact that is assumed by the parties as a basis for the transaction itself. It is a fact that goes to the basis, or essence, of the transaction, and is an important part of the substance of what is bargained for or dealt with. Other facts may serve as important and persuasive inducements to enter into the transaction, but not go to its essence. These facts may be material, but they are not basic."

There is nothing in the controlling cases or § 551 which would support a conclusion that Prudential-Bache's disclosures about the general partner were fragmentary or that his fourteen year old convictions were facts basic to the transaction. See *Greenery Rehabilitation Group, Inc.* v. *Antaramian,* 36 Mass. App. Ct. at 77-78 (seller's statements concerning a

tenant's favorable history of rent payments did not create duty to disclose that rent was sometimes paid by check of affiliated company of tenant's or that tenant, at one time, had attempted to sublet part of the premises). Cf. *Goodwin* v. *Agassiz,* 283 Mass. 358, 363 (1933) (relief found unwarranted after close scrutiny of circumstances of corporate director's purchase of stockholder's stock without prior disclosure of material facts within peculiar knowledge of director and not within reach of stockholder). Compare *Kannavos* v. *Annino,* 356 Mass. 42 (1969) (seller's statements concerning income-producing nature of apartment building gave rise to a duty to disclose to buyers that use of the building for multi-family purpose was in violation of applicable provisions of building code and zoning ordinance).

We have considered whether an enhanced duty not to omit material facts should be engrafted on the settled standard relating to the obligation to disclose. That thought occurs because it is a familiar concept that sellers of securities are liable for damages arising out of an omission to state a material fact. What makes the concept familiar, however, is the Federal law discussed in note 2, *supra.* As there pointed out, with the obligation under the Federal statute go strict limitations periods for action. It would be doubtful policy to alter the settled common law standard to revive a cause of action that has expired under the Federal statute. As the plaintiffs' allegations do not indicate that Prudential-Bache was under a duty to disclose the general partner's fourteen year old convictions, the complaint was correctly dismissed for its failure to state a claim upon which relief could be granted.

*Judgment affirmed.*