Kern, J.

BACKGROUND

In this action, the plaintiff, Gertrude Falby (“Ms. Falby”), seeks damages from New England Forestry Foundation (“NEFF”) and the return of land she donated in 1980. Plaintiff claims that NEFF procured the transfer of land through a fraudulent misrepresentation (Count I) and undue influence (Count II). The matter is now before the court on NEFF’s motion for summary judgment. For the following reasons, NEFF’s motion is ALLOWED.

FACTS

The following facts are either undisputed or are taken in the light most favorable to the plaintiff. In the early 1970s, Ms. Falby contacted NEFF to inquire about the possibility of donating 167 acres of forest land in the Rocky Pond area of Boylston and North Borough. At the time of her inquiiy, Ms. Falby was in her sixties and preparing for retirement. She was becoming concerned about both the burden of paying the real estate taxes on the land and her ability to maintain and care for the land.
The forest land owned by Ms. Falby consisted of two non-contiguous parcels. One parcel was approximately 152 acres of undeveloped woodland which was used by the public for recreational purposes. The second parcel consisted of approximately 15 acres of developed land which contained seven seasonal cottages and two cellar holes. The two parcels were separated by an undeveloped 47-acre parcel owned by a third party, Kenneth Sydow (“Sydow”).
The parties engaged in negotiations for several years regarding the donation and on December 30, 1980, Ms. Falby executed a deed which conveyed title to the land, with the exception of her five-acre house lot, to NEFF. As agreed to by independent counsel of the parties, the deed did not contain any conservation restrictions. NEFF established the Falby Memorial Forest, which it maintained to the plaintiffs satisfaction for nearly twenty years.
On February 23, 1999, NEFF completed a land-swap with Sydow in which NEFF took title to Sydow’s 47-acre parcel of undeveloped woodlands and Sydow took title to the 15-acre developed parcel formerly owned by Ms. Falby. The exchange of land benefitted the Falby Memorial Forest in that it gained a net increase of 32 additional acres of protected land and the Falby Memorial Forest now consisted of contiguous parcels. Although the 15-acre portion of land deeded to Sydow was already developed, NEFF placed several development restrictions on the deed to Sydow to protect the area from excessive development. Despite these development restrictions and the net benefit to the Falby Memorial Forest, Ms. Falby is unhappy about the land-swap. In response to Ms. Falby’s allegations of fraudulent misrepresentation and undue influence, NEFF claims that it made no representation at all to Ms. Falby regarding conservation restrictions; that it did not influence Ms. Falby in any way to donate the land; and that Ms. Falby’s claims are time-barred by the applicable statute of limitations.

DISCUSSION

This Court must consider the defendant’s motion under the standard set forth in Mass.R.Civ.P 56(c). Summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” See also, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of demonstrating affirmatively that there is no genuine issue of material fact on every relevant issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989).
Where the party moving for summary judgment does not have the burden of proof at trial, that party’s summary judgment burden may be met either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Kourouvacilis, 410 Mass. at 716. In this case, NEFF must meet this burden to succeed on its motion.

Statute of Limitations

NEFF argues that both Counts I and II of plaintiffs complaint are time-barred by the applicable statute of limitations.[1] Pursuant to G.L.c. 260, §2A, a plaintiff has three years from the date the cause of action accrues to bring a suit that sounds in tort, such as the claims asserted by Ms. Falby. York v. Taylor, 332 Mass. *682 368 (1955); Kent v. Dupree, 13 Mass.App.Ct. 44 (1981). There is no doubt that claims alleging fraudulent misrepresentation and undue influence both sound in tort. While it is NEFF’s position that Ms. Falby’s cause of action, if any, accrued on December 30, 1980 when the Falby-NEFF deed was executed and recorded, Ms. Falby argues that the cause of action did not accrue until she learned of the omission of conservation restrictions and its implication through the NEFF-Sydow land-swap in 1999.
A statute of limitations begins to run when the plaintiff knew or should have known about the misrepresentation. Friedman v. Jablonski, 371 Mass. 482, 484 (1976). In this case, Ms. Falby should have known about the alleged misrepresentation in 1980 when the deed was executed. A misrepresentation concerning an interest in real estate ceases to be “inherently unknowable” when the relevant document is executed and recorded with the registry of deeds. Friedman v. Jablonski, 371 Mass. 482, 486 (1976); Duco Assoc. Inc. v. Lipson, 11 Mass.App.Ct. 935 (1981). “(I]n determining when the cause of action accrued against these defendants, the plaintiff must take the consequences of any failure to . . . [check public records] or of any omission on the part of their attorney.” Duco at 936, quoting Friedman at 486.
To the extent it was a misrepresentation not to place any conservation restrictions on the deed, that should have been known to Ms. Falby, or her attorney, through an inspection of the deed either at the time it was executed or any time after it was recorded with the registry of deeds. Thus, Ms. Falby’s cause of action accrued in 1980, more than twenly years ago, and is, therefore, time-barred by the applicable three-year statute of limitations.
Count I — Fraudulent Misrepresentation
Even if plaintiffs cause of action were not barred by the statute of limitations, summary judgment would be appropriate. In order to succeed on Count I, Ms. Falby must establish that the defendant made a false representation of a material fact with knowledge of its falsity for the purpose of inducing her to act thereon and that she relied upon that representation as true and acted upon it to her detriment. Slaney v. Westwood Auto, Inc., 366 Mass. 688, 703 (1975).
In her sworn deposition testimony, Ms. Falby stated that she never had any discussions with NEFF representatives regarding the deed. She further admitted that there was no talk of conservation restrictions whatsoever. While the plaintiff may have assumed that NEFF would forever keep the woodland in the same condition that it was at the time it was donated, this assumption did not arise from any representation made to her by NEFF. At most, NEFF failed to tell the plaintiff that without restrictions in the deed they were free to make changes to the land. Nondisclosure, however, does not amount to fraud when the defendant is under no duty to disclose. Wolf v. Prudential-Bache Securities, Inc., 41 Mass.App.Ct. 474, 476 (1996). A duty to disclose arises only in a number of discrete situations described in §551 Restatement of Torts — none of which applies here.
It is clear from the summary judgment record that NEFF did not make any representations regarding either the inclusion or exclusion of conservation restrictions on the deed. Because Ms. Falby will be unable to establish that the defendant made a false representation, summary judgment is appropriate on Count I.
Count II — Undue Influence
In order to succeed on Count II, Ms. Falby must establish that NEFF unduly influenced her to donate the land. Undue influence occurs when there is unfair persuasion of a party who is under the domination of the defendant which results in that party doing something against her will. Bruno v. Bruno, 384 Mass. 31, 34 (1981).
The mere fact that Ms. Falby was in her sixties does not establish that she was unduly influenced. Bruno v. Bruno, 384 Mass. 31 (1981). It is undisputed that it was Ms. Falby who first approached NEFF regarding her wish to make the donation. She had reasonable and valid reasons for wanting to relieve herself of the burden of the land and for NEFF to take responsibility for it.
Additionally, Ms. Falby was represented by independent counsel, her attorney for more than forty years, during negotiations for the donation. See Heinrich v. Silvernail, 23 Mass.App.Ct. 218, 228-29 (1986). Further in her sworn deposition, Ms. Falby was asked, “You never felt that they pressured you into making the donation in any way, do you?” Her response was, “Of course not.”
The plaintiff may not rest on her allegations without setting forth specific facts showing there is a genuine issue for trial. Mass.R.Civ.P. 56(e). Ms. Falby has failed to set forth specific facts to support a claim of undue influence. From the summary judgment record, it is clear that she cannot establish any undue influence exerted by NEFF. Accordingly, summary judgment is appropriate on Count II.

ORDER

For the foregoing reasons, summary judgment is ALLOWED on both Counts I and II of the Complaint and this action is, therefore, dismissed with prejudice.

Plaintiff argues, at footnote number 6 in her Opposition to Defendant’s Motion for Summary Judgment, that the statute of limitations issue was raised “for all practical purposes” in defendant’s previously filed motion to dismiss. Hillman, J. decided defendant’s motion to dismiss, in the margin. He allowed the motion as to Counts III and IV, but denied it as to Counts I and II without issuing findings. To the extent that another Superior Court Judge decided the statute of limitations issue, this court is not bound by that decision and may address the statute of limitations issue raised in the current motion for summary judgment. Not only are different standards applied in deciding a motion to dis *683 miss and a motion for summaiy judgment, but the discretionary function of the doctrine of “law of the case” is applicable here, as well. Under the doctrine of “law of the case,” a second judge has the power to rule differently from the first judge on an issue or question of fact or law once decided, in order to reach a just result. Goulet v. Whitin Machine Works, Inc., 399 Mass. 547, 554 (1987); Salter v. Scott, 363 Mass. 396, 401-02 (1973); Shine v. Campanella & Cardi Constr. Co., 342 Mass. 150, 152-53 (1961).