Sikora, Mitchell J., J.
Upon consideration of the Order of the Appeals Court dated January 12, 2005, upon consideration of the letter from counsel for the plaintiff Massachusetts State Council Knights of Columbus (“Knights”) and the letter of March 7, 2005, from counsel for the interveners Harriet Balerna and Dawn Sette Singhal (both letters now docketed), upon reconsideration of the ruling of a prior justice upon the motion of interveners Harriet Balerna, individually, and Dawn Sette Singhal, as trustee of Dawn Realty Trust, to dissolve attachment and release escrow funds (including consideration of plaintiff Knights’ late filed opposition to that motion submitted on March 9, 2003), and upon consideration of extensive oral argument submitted by counsel for the plaintiff Knights and the interveners at the hearing ofMarch 9, the court hereby ALLOWS the interveners’ motion to dissolve attachment and to release escrow funds.
A separate implementing order of today’s date shall accompany this Ruling and shall accomplish the release of all funds held in the joint escrow account to Dawn Sette Singhal as trustee of Dawn Realty Trust

REASONING

I. The Issue of Reference to the Original Attachment Judge

By letter ofMarch 3, 2005, counsel for the Knights has argued that the reconsideration of the denial of the interveners’ motion to dissolve attachment and release escrow funds (docket entry 57.1 dated February 24, 2003) should return to the original attachment judge by reason of her prior involvement in, and knowledge of, the issues of the case. Counsel for the interveners by letter of March 7, 2005, has opposed that proposal. Both letters and their arguments are docketed.
The opinion and resulting order of the Appeals Court (docketed as Superior Court entry 89.0) requires reconsideration of the original ex parte order of approval of attachment in the amount of $210,220.00 upon the real property located at 25 Orchard Hill Drive, Sharon, held in the name of Dawn Sette as trustee of the Dawn Realty Trust (docket entry 37.0 dated January 24, 2002); and reconsideration of the ruling of the same judge denying the motion of Harriet Balerna and Dawn Sette Singhal, trustee, to intervene, and to dissolve the attachment and release escrow funds resulting from the sale of the attached real *460 estate (docket entries 57.0, 57.1, and 60.2). All of these rulings occurred without hearing and without supportive or explanatory written reasoning.
Under the discretionary rule of the law of the case, under Superior Court Rule 9D, and by custom and usage, Superior Court judges generally refer motions for reconsideration to the author of the original decision. The practical purposes of these rules and custom is to preclude the defects of a system of lateral review among coequal trial judges. If litigants could seek lateral review of rulings by coordinate judges, the vices of inconsistency, duplicative effort, confusion, and disrespectful judge shopping would proliferate. See Goulet v. Whitin Machine Works, Inc., 399 Mass. 547, 553 (1987); Shine v. Campanella & Cardi Construction Co., 342 Mass. 150, 153 (1961); Gleason v. Hardware Mutual Casualty Co., 331 Mass. 703, 710 (1954); and Berringer v. Northridge, 266 Mass. 315, 320 (1929).
However, judges may undertake lateral review and reversal in exceptional circumstances. See King v. Globe Newspaper Co., 400 Mass. 705, 707-08 (1987), cert. denied, 485 U.S. 940 and 962 (1988) (subsequent motion judge allows summary judgment after prior motion judge had denied it). Generally, lateral review and reversal are permissible in exceptional circumstances in which the prior ruling would lead to manifest injustice. See Shine, 342 Mass. at 153; and Gleason, 331 Mass. at 710.
The present circumstances qualify as an exception to the general rule. Upon my review of all the papers, and especially of the opinion and order of the Appeals Court directing the reexamination of the attachment rulings, I find deferral to the original attachment judge unnecessary for two reasons. First, the original attachment rulings do not carry with them any written reasoning. A written rationale would warrant greater deference for the original decision and for reconsideration of it by the original decision maker. That circumstance is not present. Second, I find the merits of the present interveners’ motion to dissolve attachment and to release escrow funds to be straightforward rather than complicated or needful of substantial re-analysis.

II. The Merits of the Interveners’ Motion

The Knights’ original motion to enlarge the attachment against defendant Alfred Balerna so as to include the property located at 52 Orchard Hill Drive, Sharon, held in the name of intervener Dawn Sette, trustee (docket entry 36.0 dated January 24, 2002) and allowed on that day (docket entry 36.4) lacked the support of an underlying affidavit as required by Mass.R.Civ.P. 4.1(f), last sentence; and 4.1(h).
That procedural deficiency turns out to be critical in these circumstances because the Knights appeared to have achieved the ex parte attachment upon $210,000.00 value of the subject real estate by a false assertion that Alfred Balerna was a beneficiary of the trust and that he intended within four days to transfer that beneficial interest. See the Knights’ Emergency Ex Parte Motion to Enlarge Docket Entry 36.0 at paragraph 5 (unverified allegation). Compare that allegation to the statements in paragraphs 2 through 4 of the Affidavit of Harriet Balerna of February 25, 2003, Docket Entry 57.3; and with the statements of paragraphs 2 through 6, related Exhibits A, B, and C of the Affidavit of Dawn Sette Singhal, dated February 23, 2003, Docket Entry 57.4. The latter verified information refutes the earlier unverified information. As a matter of both procedure and substance, the original attachment rulings were incorrect.

ORDER

After hearing and upon consideration of the submissions of the Parties, the Motion of Harriet Balerna, Individually, and Dawn Sette Singhal, as Trustee of Dawn Realty Trust, to Dissolve Attachment and Release Escrow Funds is hereby ALLOWED as follows:
1. The Order of this Court dated January 24, 2002 allowing the “Emergency Ex-Parte Motion to Enlarge the Attachment against Defendant, Alfred J. Balerna to Include Property Located at 52 Orchard Hill Drive, Sharon, Norfolk County, MA in the Name of Dawn Sette, Trustee of the Dawn Realty Trust, under a Declaration of Trust, Dated March 25, 1996" is hereby VACATED;
2. John W. Spillane and A. Russell Lucid, as Escrow Agents under the Escrow Agreement dated February 14, 2002, are hereby ORDERED to forthwith release all funds being held in the Joint Escrow Account to Dawn Sette Singhal, as Trustee of Dawn Realty Trust, or as she may otherwise instruct the Escrow Agents.