NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-516

FRANK HENNESSEY & another[1]

vs.

REVOLVE REALTY DEVELOPMENT, LLC, & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiffs, Frank Hennessey and Jessica Hennessey, brought an action in the Superior Court against the defendants, Revolve Realty Development, LLC (Revolve), Anthony Yebba, and Madelon A. Kaster, for breach of contract and violation of G. L. c. 93A after the defendants failed to return the Hennesseys' deposit toward the purchase of a home.  Revolve counterclaimed for breach of contract; fraud, deceit, and misrepresentation; abuse of process; meritless litigation under G. L. c. 231, § 6F; and declaratory judgment, alleging primarily that the Hennesseys committed fraud by not timely disclosing that the sale of their

---

[1] Jessica Hennessey.

[2] Anthony Yebba and Madelon A. Kaster.

own home was contingent on their buyer securing the necessary funds by selling his business. Concluding that neither Revolve's counterclaim nor its proposed amended counterclaim sufficiently alleged fraud by the Hennesseys, we discern no error or abuse of discretion in any of the judgments or orders challenged by the defendants.[3] Accordingly, we affirm.

Background. In 2016, Yebba and Kaster established Revolve for the purpose of buying and selling residential real estate. Yebba was a licensed real estate agent and a principal in a real estate agency. Yebba and Kaster had bought and sold multiple residential properties for commercial purposes. On June 9, 2016, Yebba and Kaster, acting through Revolve, purchased property on Martha Jones Road in Westwood (Martha Jones property), intending to sell it for a profit. On November 8, 2018, the Hennesseys offered to buy the Martha Jones property contingent on the sale of their own house on Twin Post Road in Westwood (Twin Post property). Revolve accepted the offer the

---

[3] The amended notice of appeal lists fifteen orders and judgments entered by several Superior Court judges. However, the defendants' assertion in their brief that the judge's errors in ruling on the motion for judgment on the pleadings were "carried through and permeate every decision and order thereafter," is so glancingly made as not to rise to the level of appellate argument. See Mass. R. A. P. 16 (a) (9), as appearing in 481 Mass. 1628 (2019). Our decision in this appeal is thus confined to the defendants' challenges to the orders relating to judgment on the pleadings, summary judgment, and the motions to amend the counterclaim.

2

next day.  On November 18, 2018, the Hennesseys and Revolve entered into a purchase and sale agreement (Martha Jones P&S agreement) for the Martha Jones property with a closing date of January 18, 2019.  The Hennesseys paid $66,875 into escrow as a deposit with Revolve's agent.  The parties included a contingency provision in the Martha Jones P&S agreement's rider, stating

> "[s]hould BUYER not sell the [Twin Post] property . . . through no fault of BUYER[,] . . . the BUYER may terminate this agreement by written notice to SELLER, whereupon any payments made under this agreement shall be forthwith refunded and all other obligations of the parties hereto shall cease and this agreement shall be null and void without recourse to the parties hereto."

On January 3, 2019, the Hennesseys informed Revolve that the sale of the Twin Post property was itself contingent on the buyer selling his business in California.  On January 17, 2019, the Twin Post property buyer informed the Hennesseys that he had failed to sell his business and thus would not complete the purchase of the Twin Post property.  The same day, the Hennesseys notified Revolve that the sale of the Twin Post property would not close and, as a result, the agreement to buy the Martha Jones property was "null and void."  The defendants refused to return the Hennesseys' deposit.

On January 28, 2019, the Hennesseys filed a complaint against Revolve, alleging breach of contract.  On February 13, 2019, Revolve counterclaimed, alleging breach of contract;

3

fraud, deceit, and misrepresentation; abuse of process; and meritless litigation, and requesting declaratory judgment. On August 6, 2019, a judge (first judge) partially allowed the Hennesseys' motion to dismiss, filed pursuant to Mass. R. Civ. P. 12 (c), 365 Mass. 754 (1974), dismissing all counterclaims but Revolve's breach of contract counterclaim and request for declaratory judgment. On August 29, 2019, the Hennessey's filed an amended complaint, alleging violations of G. L. c. 93A in addition to their breach of contract claim, and Revolve filed a renewed counterclaim, alleging breach of contract and seeking declaratory judgment on the basis of fraudulent inducement. On February 20, 2020, a different judge (second judge) dismissed Revolve's renewed counterclaim, concluding that it was based on the Hennesseys' allegedly fraudulent conduct, which was the basis for Revolve's February 2019 counterclaim that had already been dismissed by the first judge in August 2019. In the order dismissing Revolve's amended counterclaim, the second judge set a date by which Revolve could seek leave to amend its fraud-based claims.

On June 16, 2020, Revolve filed a motion to amend, and a judge (third judge) denied the motion, reasoning that the motion to amend alleged the same conduct that formed the basis for the claims that were already dismissed in August 2019, pursuant to Mass. R. Civ. P. 12 (c). On July 22, 2020, Revolve moved for

4

clarification of the order setting a date by which Revolve could seek leave to amend its complaint and of another order by the second judge addressing related procedural issues.  On August 3, 2020, the second judge denied the motion, stating that nothing in either order required clarification.

On November 24, 2020, the third judge allowed the Hennesseys' motion for summary judgment on their breach of contract claim.  On February 9, 2021, the Hennesseys filed their second amended complaint, adding Yebba and Kaster as individual defendants.  On July 17, 2023, a fourth judge allowed the Hennesseys' motion for summary judgment on their c. 93A claim. On January 3, 2024, judgment entered for the Hennesseys in the amount of $331,842, representing the amount of the withheld deposit, attorney's fees, and costs.  This appeal followed.

Discussion.  1.  Judgment on the pleadings.  The defendants claim error in the order allowing the Hennesseys' motion for judgment on the pleadings, which dismissed Revolve's fraud-based counterclaims, contending that the Hennesseys committed a breach of their duty to disclose the fact that the Twin Post agreement was contingent on the buyer's sale of his business.[4]  "We review

---

[4] The defendants also appear to argue that the Hennesseys misrepresented that the Twin Post agreement was not contingent on the buyer's securing a mortgage.  However, as Revolve acknowledged in its proposed amended complaint, the Twin Post agreement did not include a mortgage contingency.

de novo a judge's order allowing a motion for judgment on the pleadings under Mass. R. Civ. P. 12 (c)" (citation omitted). UBS Fin. Servs., Inc. v. Aliberti, 483 Mass. 396, 405 (2019). "We accept the truth of all well-pleaded facts alleged by, and draw every reasonable inference in favor of, the nonmoving party to determine whether there are factual allegations plausibly suggesting (not merely consistent with) an entitlement to relief" (quotations and citations omitted). Id.

"To show fraud by omission, the plaintiff must allege both concealment of material information and a duty requiring disclosure" (quotation and citation omitted). Buffalo-Water 1, LLC v. Fidelity Real Estate Co., 481 Mass. 13, 25 (2018). A duty to disclose arises where either (1) a fiduciary relationship exists between the parties;[5] (2) the speaker knows facts that are necessary to prevent his partial or ambiguous statement of the facts from being misleading; or (3) the undisclosed fact "is basic to, or goes to the essence of, the transaction." Stolzoff v. Waste Sys. Int'l, Inc., 58 Mass. App. Ct. 747, 763 (2003).

The defendants first assert that the Hennesseys concealed material information by making a partial disclosure of the facts of the Twin Post agreement -- that its closing was imminent and

---

[5] The defendants do not argue that a fiduciary relationship existed between Revolve and the Hennesseys.

6

was not contingent on the buyer securing a mortgage.  They contend that this partial disclosure created a duty for the Hennessey's to disclose that the Twin Post agreement was contingent on the buyer's sale of his business.  We disagree. Revolve accepted the Hennesseys' offer to buy the Martha Jones property the day after receiving the offer, before receiving any additional information.  The Hennesseys were not obligated to perform the defendants' due diligence for them, particularly where Revolve and its principals were experienced residential real estate buyers and sellers who were aware of the risk associated with the Martha Jones P&S agreement's contingency. See Greenery Rehabilitation Group, Inc. v. Antaramian, 36 Mass. App. Ct. 73, 80 (1994) (Brown, J., concurring).  Because the Hennesseys had no duty to disclose the details of the sale of their home to the defendants, their omission of this information at the time of the Martha Jones P&S agreement was not fraud. See id. at 77-78.

The defendants also argue that the Twin Post agreement's contingency was "basic" to the Martha Jones P&S agreement and thus, by not disclosing the contingency, the Hennesseys committed a breach of their duty to Revolve and deceived it into entering the Martha Jones P&S agreement.  A basic fact is one that "is assumed by the parties as a basis for the transaction itself.  It is a fact that goes to the basis, or essence, of the

7

transaction, and is an important part of the substance of what is bargained for or dealt with" (citation omitted).  Wolf v. Prudential-Bache Sec., Inc., 41 Mass. App. Ct. 474, 477 (1996).  Other facts that are persuasive inducements may be material but do not necessarily go to the essence of a transaction and are not basic.  See id.  This duty to disclose has been applied when "the advantage taken of the plaintiff's ignorance is so shocking to the ethical sense of the community, and is so extreme and so unfair, as to amount to a form of swindling, in which the plaintiff is led by appearances into a bargain that is a trap, of whose essence and substance he is unaware."  Restatement (Second) of Torts:  Liability for Nondisclosure § 551 comment l (1977).  Here, the details of the Twin Post agreement related to a separate transaction and thus were not basic to the Martha Jones P&S agreement.

Ultimately, we conclude that Revolve's counterclaim failed to allege facts plausibly suggesting entitlement to relief on the fraud-based claims.  We therefore discern no error or abuse of discretion in the judge's order allowing judgment on the pleadings.[6]

---

[6] The defendants also appeal from the entries of summary judgment in favor of the Hennesseys on their breach of contract and c. 93A claims.  Both throughout this litigation and on appeal, the defendants' only defense to the Hennesseys' claims has been that the Hennesseys engaged in fraud by not disclosing

8

2. The proposed amended complaint. The defendants further argue that Revolve's motion to amend its counterclaim was improperly denied. We review for an abuse of discretion a judge's decision to deny a motion to amend. See Matter of E.C., 479 Mass. 113, 119 (2018). "A judge abuses his or her discretion in denying a motion to amend where the denial reveals an error of law." Id. A judge is "not required to grant motions to amend prior complaints where the proposed amendment . . . is futile" (quotation and citation omitted). Johnston v. Box, 453 Mass. 569, 583 (2009).

Here, the second judge determined that Revolve's proposed amended counterclaim alleged no new facts beyond those relating to the Hennesseys' failure to disclose the contingency on the sale of their home. See Mancuso v. Kinchla, 60 Mass. App. Ct. 558, 572 (2004) (judge properly denied motion to amend where proposed amended complaint set forth substantially identical allegations to prior dismissed complaint). We agree. Because, as discussed, the original counterclaim did not plausibly suggest that the Hennesseys misrepresented the nature of the

---

the Twin Post agreement's contingency. Where the Hennesseys had no duty to disclose the contingency, we conclude that the judges properly granted summary judgment in favor of the Hennesseys.

9

Twin Post agreement, the proposed amendment was futile.  See

Johnston, 453 Mass. at 583.[7]

    3.  Attorney's fees and costs.  The Hennesseys have
requested and are entitled to an award of appellate attorney's
fees.[8]  See G. L. c. 93A, § 11.  Within fourteen days of the
issuance of this decision, the plaintiffs may file a submission
detailing and supporting the amount of their attorney's fees and
costs incurred on appeal.  See Fabre v. Walton, 441 Mass. 9, 10-

---

[7] The defendants also contend that the third judge erred by
denying Revolve's motion to amend its complaint because the
second judge previously set a date by which Revolve could seek
leave to amend its complaint.  We need not reach this issue
because the third judge was not required to allow a futile
amendment to the prior complaint.  See Johnston, 453 Mass. at
583.

[8] We deny the Hennesseys' request that appellate attorney's
fees and double costs be awarded on the separate basis that the
defendants' appeal is frivolous.  See Mass. R. A. P. 25, as
appearing in 481 Mass. 1654 (2019).  The defendants' request for
fees is denied.

11 (2004).  The defendants shall have fourteen days thereafter within which to respond, should they choose to do so.

<u>Judgments and orders affirmed</u>.

By the Court (Blake, C.J., Ditkoff & Brennan, JJ.[9]),

Clerk

Entered:  August 13, 2025.

---

[9] The panelists are listed in order of seniority.